IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF EDUCATION | : : : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : : | NO. 17-cv-02711-RAL |
| H.E. et al | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| H.E. et al | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : : | NO. 15-cv-03864-RAL |
| WALTER D. PALMER LEADERSHIP LEARNING PARTNERS CHARTER SCHOOL et al | : : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| R.J. et al | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : : | NO. 15-cv-05735-RAL |
| PEDRO RIVERA, et al | : | |
| Defendants. | : | |

## **MEMORANDUM AND ORDER**

The parties, parents of minor children and the Pennsylvania Department of Education, have a dispute regarding one of the terms of their settlement agreement. The dispute centers on language in paragraph 1 of a document used as the basis of agreement at an October 18, 2017 settlement conference. I have attached a copy of the document as Exhibit "A" to this Memorandum and Order. The language is as follows:

> "Further, should PDE breach this Agreement, Parent shall be permitted to enforce the hearing officer decision and order." Exh. A, ¶ 1, last sentence.

Plaintiffs contend that this language was agreed to by the parties, as to *H.E., et al v. PDE, et al*, 15-3864 and *P.D.E. v. H.E., et al.,* 17-2711, both of which were originally before Judge Beetlestone. In these cases, three IDEA administrative decisions were appealed by plaintiffs, remanded by Judge Beetlestone in *H.E., et al v. PDE, et al*, 15-3864, decided administratively in favor of plaintiffs on remand, and then appealed again, this time by the Pennsylvania Department of Education, at *P.D.E. v. H.E., et al.,* 17-2711. These cases concerned, among other things, a hearing officer's compensatory education order.

I have reviewed Exhibit A, the parties' letter and email submissions, and the text of the transcript of the settlement conference. I find as a matter of fact that there were two draft agreements shared by counsel on October 18, 2017, one with respect to *H.E., et al v. PDE, et al,* 15-3864, and *P.D.E. v. H.E., et al.,* 17-2711, and one with respect to *R.J., et al. v. Pennsylvania Department of Education*, 15-5735, a case that was pending before Judge Padova. I find that the parties did agree to the disputed language, above, with respect to *H.E., et al v. PDE, et al,* 15-3864, and *P.D.E. v. H.E., et al.,* 17-2711, the cases before Judge Beetlestone. The document was exchanged by email at the time of settlement and formed the basis of the parties agreement. Transcript, at 8-9. I am convinced that the parents' counsel's explanation of events, contained in his email to all parties and chambers on May 8, 2018 at 5:00 p.m., is an accurate account of the circumstances surrounding the exchange of documents at the time of the settlement conference.

The Department of Education objects to the language, primarily on the basis that disputed language is inconsistent with the agreement of the parties that this court will not retain jurisdiction over the matter after payment of attorney's fees. January 4, 2018

letter from Mr. Bradford, at 2. I find that the disputed language does not contemplate retention of jurisdiction over this case, at least not in the sense the parties and I were using that phrase during the settlement conference. It is not clear that enforcement of a state hearing officer's order at some point in the future would involve a revival of this action, *i.e.,* retention of jurisdiction. The agreement of the parties does not call for entry of an order with language incorporating the agreement into the order, such that "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 503 (3d Cir. 2002) (quoting *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375, 381 (1994)).

The parties shall submit the settlement agreements in these related matters for approval by the court.

BY THE COURT:

DATED: <u>July 26, 2018</u>         *s/Richard A. Lloret*
                                    RICHARD A. LLORET
                                    U.S. MAGISTRATE JUDGE